**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 22, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-50450
Summary Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JAVIER DE LA PENA,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:03-CR-224-2
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

    Javier De La Pena appeals the 92-month sentence imposed by

the district court, on remand, following his jury-trial

conviction for possession of and importation of cocaine.  He

argues that the district court's consideration of facts that were

neither admitted nor proven to a jury in calculating his

guidelines sentence range violated the Sixth Amendment under

United States v. Booker, 543 U.S. 220 (2005).  As De La Pena was

sentenced under an advisory guidelines scheme following the

issuance of Booker, this argument is without merit.  See United

-------------------------

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States v. Johnson, 445 F.3d 793, 798 (5th Cir.), cert. denied, 126 S. Ct. 2884 (2006).

De La Pena also argues that the district court's drug quantity determination was erroneous because it was not supported by a preponderance of the evidence. The district court adopted the factual findings and conclusions set forth in the presentence report (PSR). As the facts set forth in the PSR showed that De La Pena knew exactly where to go to purchase cocaine and that he did so, the inference that he bought more than he was commissioned to buy was permissible. See United States v. Caldwell, 448 F.3d 287, 290 (5th Cir. 2006). Other than his own self-serving assertions, De La Pena offered no evidence to rebut the findings contained in the PSR. De La Pena has thus failed to show that the district court clearly erred in determining drug quantity for sentencing purposes. See United States v. De Jesus-Batres, 410 F.3d 154, 164 (5th Cir. 2005), cert. denied, 126 S. Ct. 1022 (2006); United States v. Londono, 285 F.3d 348, 355 (5th Cir. 2002); United States v. Posada-Rios, 158 F.3d 832, 878 (5th Cir. 1998).

AFFIRMED.